**AZDELL, Plaintiff-Appellee, v. AZDELL et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Columbiana County.

No. 727.   Decided May 16, 1956.

Vodrey, Vodrey, Buzzard & Shay, East Liverpool, for plaintiff-appellee.

Jason H. Brookes, G. William Brokaw, East Liverpool, for defendants-appellants.

**OPINION**

By PHILLIPS, PJ.

Defendants appealed to this court on questions of law and fact from a judgment of the court of common pleas entered upon a finding of the judge of that court for plaintiff in plaintiff's action brought against them therein to set aside a deed to defendant, Adrian G. Azdell, and cancel the same of record.

The case was submitted to us upon a transcript of the testimony taken in the Court of Common Pleas and the evidence admitted there and that taken before Attorney Lynn B. Riddle, who was appointed by this court "as referee who is hereby directed and required to ascertain and determine the facts and the law and report them to this court on or before November 30, 1955."

On January 6, 1943, for the stated consideration of love and affection and the sum of $1.00 Frank Azdell, deceased, called decedent, father of plaintiff, William F. Azdell, and defendant, Adrian G. Azdell, executed and delivered to Adrian G. Azdell the deed in question, which was not recorded with the Recorder of Columbiana County, Ohio, until July 24, 1952, in Volume 848, Page 388 of Columbiana County Records of Deeds.

Frank Azdell died on July 20, 1952, some four days before the deed in question was recorded.

Plaintiff testified that the signature on the deed was unquestionably that of decedent, his father, and that he did not doubt that decedent intended to make a gift to defendant, Adrian G. Azdell, of the real property described in the deed.

There is undisputed evidence that defendant, Adrian G. Azdell, who lives on the property in question, spent considerable money improving the property by furnishing and installing lighting fixtures, hot water tank, and paving the driveway, building a tool shed, laying sidewalks and landscaping the property; and that during decedent's life, with the exception of the time he was in the armed services, defendant, Adrian G. Azdell, paid decedent money each month, as the decedent had no funds other than that monthly sum on which to live.

Defendant, Adrian G. Azdell testified, and his testimony is not disputed, that decedent advised him of the execution of the deed and its whereabouts shortly after his discharge from the armed services; and that after his father was buried, attorney, now Municipal Judge, George Brokaw, delivered the deed to him, whom it must be assumed, in the absence of evidence to the contrary, had custody and control of the deed between its execution by decedent and delivery to defendant, Adrian G. Azdell, by atty. Brokaw.

There is no evidence that the monthly payments made by defendant, Adrian G. Azdell, had any connection with the delivery of the deed to the latter nor that decedent, nor defendant, Adrian G. Azdell, exercised any control over the deed after its execution.

William Azdell, who represented himself in the appeal before this court, testified that he had no objection to and found no fault with the deed, but felt that he had not received a fair share of his father's estate, which apparently is the claimed error upon which he relied to set aside the deed to defendant, Adrian G. Azdell, in the trial court.

In the case of **Patrick v. Parrott, 92 Oh St 184 at 186,** the court held adversely to the party seeking to set aside a deed where:—

"1. No control, dominion or power of revocation was reserved over the real estate by the donor.

"2. The cashier was the agent or trustee for the donees.

"3. There was a valid and legal delivery, on the part of the donor, of the deeds to the grantees therein named."

Plaintiff's own testimony, coupled with the other evidence submitted to us, compels us to find that the report of the referee must be approved, and that judgment must be and is hereby entered for defendants in accordance with the findings of the referee; and that the sum of $100.00 should be and is allowed to the referee for his services.

Finding and decree is for the defendants.

An entry drawn in accordance with our decision and this opinion may be presented.

NICHOLS and GRIFFITH, JJ, concur in judgment.